Green, J:
delivered the opinion of the court.
In this case we are all of opinion that the court erred in refusing to grant anew trial. It is true, that this court feels-great reluctance to disturb the verdict of a jury, where the circuit court has refused a new trial. In most cases there is conflicting testimony, and the credibility of witnesses is to be weighed, in such cases this court has constantly refused to interfere with the verdict, always declaring that it would set aside the verdict of a jury, in cases only, where a great preponderance of evidence was against it. Wo still adhere to this determination, and have no intention of weakening the authority- *272 of former adjudications upon the subject. In this case there 'is not only a great preponderance of testimony on one side, but it is all one side, and that against the verdict. Every witness proved that such cash notes as those agreed to be paid, were worth less than the same nominal amount of gold and silver. Apply this evidence to the law of the case, as adjudged in the case of Murray vs. McMackin, 4 Yerg. Rep. 41, and the necessary consequence would have been, a reduction of the verdict below the sum named in the covenant, at least four or five per cent.
Upon this subject there seems to have been a disposition oil the trial of cases of this description, to adopt one of two extremes. While the one party has sought to fix the damages at the value of the notes, according to the rate at which shavers purchase them; the other party has insisted on a recovery for the nominal sum mentioned in the covenant. The true criterion was stated in the case of Murray vs. M’Mackin. If, in the every day transactions of life, a debt on a solvent man could not be paid in its nominal amount of cash notes, or if in the purchase of a horse, worth one hundred dollars in money, the custom of the country would fix his value at one hundred and ten or fifteen dollars in cash notes, that would prove the notes to he worth less than money, and would he a legitimate means of ascertaining their value.
Where the covenant like the one under consideration, and the one in Murray vs. McMackin, is for the payment of so' many dollars in cash notes, the action must be covenant, and the damages of course, must be the value of the articles agreed to be given. But when the writing is for the payment of so many dollars, which may be discharged in cash notes, money is the thing agreed to be paid, and the cash notes, are collateral thereto. If the party pay cash notes at the day, he has a right to do so, hut if not, it is a money contract? and a payment in notes afterwards cannot be insisted on. In such case, debt would lie for the money, but whether debt or covenant be brought, the recovery should be for the full amount agreed to be paid. Let the judgment be reversed and the cause remanded for a new trial.
Judgment reversed.